1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   CALVIN HOLT,                    )   Case No. CV 19-5707-CJC-JC
12                  Petitioner,      )   (~~PROPOSED~~)
                                     )
13          v.                       )   ORDER DISMISSING ACTION
                                     )   WITHOUT PREJUDICE
14   WARDEN,                         )
                                     )
15                                   )
                  Respondent.        )
16   _____ )

17          On July 1, 2019, petitioner, a California state prisoner proceeding *pro se*,

18   initiated this action by filing a "Request That 28 U.S.C. § 2254 Filing Deadline Be

19   Held in Stay and Abeyance for Good Cause" ("Request to Stay") with multiple

20   exhibits.[1]  He has not, however, filed a federal petition for writ of habeas corpus in

21   this Court.  Construed liberally, Petitioner's Request to Stay and its exhibits reflect

22   that (1) petitioner, in the future, wishes to challenge a judgment in Los Angeles

23   County Superior Court Case No. MA065756 based on a currently

24   "underdeveloped" competency claim which was originally rejected on direct

25   appeal by the California Court of Appeal in Case No. B270929 – a decision as to

26   _____

27          [1]The Request to Stay appears to have been signed and provided to prison authorities for
28   mailing by petitioner on June 25, 2019, to have been mailed on June 26, 2019, to have been received
     by the Clerk on June 28, 2019, and to have been formally filed on July 1, 2019.

which the California Supreme Court denied review on April 11, 2018;

(2) petitioner is in the process of developing the claim with new evidence and

wishes to properly exhaust such developed claim after doing so; (3) petitioner

currently has pending a petition for writ of mandate/prohibition – a "renewed

appeal" – in California Court of Appeal Case No. B295568, in which he is

asserting that he was deprived of his right to be present at a May 25, 2018

"resentencing" which resulted in the issuance of an amended abstract of judgment

on June 29, 2018.  He essentially requests that the Court toll the statute of

limitations and stay his deadline to file a federal petition for writ of habeas corpus

while he exhausts his claim(s).[2]  For the reasons discussed herein, this action is

dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the

existence of a case or controversy.  United States Nat'l Bank v. Independent Ins.

Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851

F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States

Constitution restricts adjudication in federal courts to cases and controversies).  A

case or controversy exists when one party demonstrates that it has suffered injury-

in-fact which fairly can be traced to acts or omissions of the second party and when

there is a substantial likelihood that the relief requested will redress the injury

claimed.  Johnson, 851 F.2d at 235.

A federal court lacks jurisdiction to consider matters relating to a habeas

petition unless and until such a petition is actually filed because there otherwise is

no case or controversy within the meaning of Article III of the Constitution.  See

Ford v. Warden, 2008 WL 2676842 (C.D. Cal. 2008) (Constitution's "case or

controversy" jurisdictional requirement precludes giving of advisory opinion that

statute of limitations will not bar anticipated, but not yet filed, federal habeas

---

[2]It is not clear if petitioner wishes to assert in a future federal habeas petition any claim beyond the competency-related claim he purports to be developing.

2

1 petition); <u>United States v. Leon</u>, 203 F.3d 162, 163 (2d Cir. 2000) (granting
2 government motion to dismiss appeal from order denying motion to submit out of
3 time petition under 28 U.S.C. § 2255 because no case or controversy in absence of
4 filing of petition); <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-49 (1998) (no "case or
5 controversy" where prisoners sought declaratory relief to determine the time limits
6 that would govern future habeas actions); <u>see also</u> <u>United States v. Cook</u>, 795 F.2d
7 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by
8 tolling statute of limitations in advance of the filing of potentially untimely
9 claims).

10     Here, because petitioner has not actually filed a federal petition for writ of
11 habeas corpus in this action, there is no case or controversy to be heard.
12 Consequently, this Court is without jurisdiction to consider petitioner's Request to
13 Stay.

14     For the foregoing reasons, this case is dismissed without prejudice.

15 IT IS SO ORDERED.

16 DATED: <u>July 8, 2019</u>

17
18 _____
19 HONORABLE CORMAC J. CARNEY
   UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

3